## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

E.B., a minor, E.D.B. as parent, and E.D.B.,
in his own right,

                                                    **CIVIL ACTION NO:**

          Plaintiffs,

              v.

WOODLAND HILLS SCHOOL DISTRICT,
WOODLAND HILLS BOARD OF SCHOOL
DIRECTORS, DR. WALTER M. CALINGER,
individually, and as School Superintendent of
Woodland Hills School District, DAVID W.
JOHNSTON, individually, and as Assistant to
the School Superintendent of Woodland Hills
School District, and ALLISON KLINE,
individually, and as Co-Principal of Woodland
Hills High School,

          Defendants.

## CIVIL COMPLAINT

## I

## SUMMARY OF THE CASE

On April 17, 2008, Plaintiff E.B., 10th grade, Woodland Hills School District, County

of Allegheny, Pennsylvania, became involved in an altercation, during the school day, on

school premises. Consequently, E.B. was suspended from school. By letter dated April 24,

2008, E.B.'s parent was given notice of an expulsion hearing, on Tuesday, May 6, 2008, 6:00

p.m., Woodland Hills Administrative Office, 2430 Greensburg Pike, Pittsburgh, PA15145.

On June 19, 2008, E.B.'s parent received a copy of the adjudication, dated June 18, 2008,

stating E.B was permanently expelled from the public schools of Woodland Hills School

District, effective immediately, for engaging in a "fight" on school premises. Woodland Hills School District 2007-2008 Code of Student Conduct states: "A fight does <u>not</u> occur where one student is pushing, punching, kicking or committing other aggressive actions upon another student who is not responding in kind other than in self-defense." Exhibit "B", attached hereto, and made a part thereof (Underline in original) During the entire 2008-2009 school year, in 11th grade, E.B. was not permitted to return to school. Nevertheless, at the end of the 2008-2009 school year, E.B. was promoted to 12th grade.

On July 17, 2008, Plaintiffs filed Statutory Appeal and Petition for Supersedeas, Case No. SA 08-816, Court of Common Pleas of Allegheny County, Pennsylvania, for violations of E.B.'s rights under the Fourteenth Amendment of the United States Constitutions. By Memorandum Order, dated July 28, 2009, the Court sustained Statutory Appeal and Petition for Supersedeas, and ordered Defendant School District to return E.B. to school, stating:

> "**E.B.'s** counsel has argued that the **District's** own rules and regulations recognize self-defense as a valid exception to the general no fighting rule. <u>I...find, from the evidence, that no 'fighting' occurred here. By its own regulations, the [School] **District** excepts self-defense from the definition of 'fighting'. Therefore, there is no evidence of 'fighting.'</u> Thus my ruling." Exhibit "A", attached hereto, and made a part hereof (Bold in original; Underlines added)

The Memorandum Order, published in the <u>Pittsburgh Legal Journal</u>, October 23, 2009, states: "<u>At the close of the hearing the Board took a short recess and then returned with a fully prepared typed resolution [like Minerva springing fully armed from the forehead of Jupiter], which Mr. Wolfe read into the record.</u>" Exhibit "A-1", attached hereto, and made a part hereof (Bracket in original; Underline added) The above-mentioned language "took a short recess and then returned with a fully prepared typed resolution", at least implies the "short recess" was not used to prepare the "typed resolution". Instead, the

"typed resolution" was prepared prior to the "short recess", and also the expulsion hearing. A Committee of four Board members conducted the hearing. Exhibit "H", attached hereto, and made a part hereof. Arguably, the Committee had no authority to take a "short recess", return with "a fully prepared typed resolution", and "read into the record" the resolution. Instead, the Committee should have only made recommendations to the School Board, for consideration, in rendering its adjudication. It appears the School Board's adjudication is basically the "fully prepared typed resolution...which Mr. Wolfe read into the record".

Education is a "property" right, under the Fourteenth Amendment of the United States Constitution. Therefore, E.B. is entitled to procedural due process, substantive due process, and liberty. Goss v. Lopez, 95 S.Ct. 729 (1975); and Everett v. Marcase, 426 F.Supp. 397 (E.D. Pa. 1977). Defendants acted individually and collectively as state agents, under color of state law, in denying Plaintiff E.B. constitutionally rights, in violation of the Fourteenth Amendment of the United States Constitution. For deprivation of constitutional rights, and rights under state law, Plaintiffs seek damages, attorney's fees, and other appropriate relief.

## II

## PARTIES

1.     Plaintiff E.B. (Student), 12th Grade, resides within Woodland Hills School District, County of Allegheny, Pennsylvania.

2.     Plaintiff E.D.B. (Parent) resides within Woodland Hills School District, County of Allegheny, Pennsylvania.

3.     Defendant Woodland Hills School District (School District) is a political subdivision, County of Allegheny, Pennsylvania, pursuant to the Public School Code of 1949, as amended (School Code), 24 P.S. 1-101, et seq.

4.    Defendant Woodland Hills Board of School Directors, County of Allegheny, Pennsylvania, is the governing body of the School District, pursuant to the Public School Code of 1949, as amended (School Code), 24 P.S. 1-101, et seq.

5.    Defendant Dr. Walter M. Calinger is Superintendent, Woodland Hills School District, County of Allegheny, Pennsylvania.

6.    Defendant David W. Johnston is Assistant to the School Superintendent, Woodland Hills School District, County of Allegheny, Pennsylvania.

7.    Defendant Allison Kline is Co-Principal, Woodland Hills High School, County of Allegheny, Pennsylvania.

## III

## JURISDICTION AND VENUE

8.    This action seeks to vindicate rights under the Fourteenth Amendment of the United States Constitution, pursuant to 42 U.S.C. 1983, and 42 U.S.C. 1988. The Court has subject matter jurisdiction, pursuant to 28 U.S.C. 1331(a) and 1343(a)(3) and (4), and 28 U.S.C. 2201, and 28 U.S.C. 2202, to declare rights of the parties, and grant such relief as proper. The Court is hereby requested to take pendent jurisdiction of state law claims, seeking additional evidence, as necessary.

9.    Venue is appropriate in this jurisdiction, pursuant to 28 U.S.C. 1391, because Defendants are in this judicial district, facts giving rise to claims occurred in the judicial district, and Defendants are in the district.

<u>IV</u>

**STATEMENT OF THE CASE**

10.     On April 17, 2008, minor Plaintiff (E.B.) became engaged in an altercation, and, consequently, suspended from school. The record is not clear, regarding whether E.B. was initially suspended for fewer than five school days or more than five days.

11.     Upon exclusion from school for 10 school days, E.B. was not permitted to return to school. E.B. was not expelled from until June 18, 2008, or eight weeks after the altercation. Education is a "property right", under the Fourteenth Amendment of the United States Constitution. Not permitting E.B. to return to school following the 10-day suspension, pending the School Board's decision, denied E.B. "property", especially substantive due process, in clear violation of the Fourteenth Amendment of the United States Constitution. Goss v. Lopez, 95 S.Ct. 729 (1975); Everett v. Marcase, 426 F.Supp. 397 (E.D. Pa. 1977); 22 Pa. Code 12.6(c); 22 Pa. Code 12.6(d); and 22 Pa. Code 12.8(b)(9)

12.     By letter dated April 24, 2008, minor Plaintiff's parent was given notice of an expulsion hearing, scheduled for Tuesday, May 6, 2008, 6:00 p.m., at Woodland Hills Administrative Office, 2430 Greensburg Pike, Pittsburgh, PA15221.

13.     The Notice of Expulsion Hearing, dated April 24, 2008, provides the name of only one witness, to give testimony on behalf of the administration, during the hearing, i.e., Ms. Allison Kline. The notice states in relevant part: "Additional witnesses may be called to testify as deemed appropriate." Exhibit "B," attached hereto, and made a part hereof. During the hearing, Ms. Kline, Ms. Love, Mr. Clawson, and Mr. Deiuliis testified, on behalf of the administration. Exhibit "D", attached hereto, and made a part hereof. The record does not show the administration amended its Witness List subsequent to April 24,

2008, but prior to the expulsion hearing, on May 6, 2008, and does not show a copy of any such amended list was provided to E.B. and E.B.'s parent, prior to the expulsion hearing. E.B. and E.B.'s parent should have been provided a copy of the witness list, and copies of statements and affidavits of the witnesses.  Stating "[a]dditional witnesses may be called to testify as deemed appropriate" was not enough. 22 Pa. Code 12.8(b)(5) (Bracket added). School District was required to provide E.B. names of the accusers. Scott v. Trinity Area School District, 53 Pa. D. & C.2d 488, 52 Wash.Co 27 (1971); and Geiger v. Milford Independent School District, 51 Pa. D & C. 647, 6 Monroe L.R. 73 (1945) Further, calling Ms. Love, Mr. Clawson, and Mr. Deiuliis to give testimony was contrary to regulations of Pennsylvania State Board of Education, thereby denying E.B. procedural due process, and substantive due process.[1] 22 Pa. Code 12.6, and 22 Pa. Code 12.8.

14.     Attached to Notice of Expulsion Hearing, dated April 24, 2008, are the following policies in Woodland Hills School District 2007-2008 Code of Student Conduct: "(10) FAILURE TO COMPLY WITH A REQUEST OF STAFF MEMBER–LEVEL 1"; and "(12) FIGHTING–LEVEL 1OR 2". For example, Policy No. 10 states: "A student who fails to obey a reasonable and understood request by a teacher or administrator is subject to disciplinary action." Exhibit "B", attached hereto, and made a part hereof. This policy is overbroad and vague, in violation of the Fourteenth Amendment of the United States Constitution. For example, such terms as "reasonable", and "understood" are used in the Code, without definitions of these concepts. Chicago v. Morales, 119 S.Ct. 1849 (1999); Ward v. Rock Against Racism, 109 S.Ct. 2746 (1989); Kolender v. Lawson, 103 S.Ct. 1855 (1983); Sypniewski v. Warren Hills Regional Board of Education, 307 F.3d 243 (3rd Cir. 2002); Flaherty v. Keystone Oaks School District, 247 F.Supp.2d 698

---

[1]Student E.B. and parent were not represented by counsel, during the expulsion hearing.

(W.D.Pa. 2003); and <u>Killion v. Franklin Regional School District</u>, 136 F.Supp.2d 446
(W.D.Pa. 2001). The policies are unconstitutionally overbroad and vague, for many other
reasons, including the following.

    a.    The policy pertaining to failure of a student to comply with
a request of a staff member (Level 1) does not:

    (1)    Define such terms as "reasonable", "understood", and "typically", in a manner so as to put students on notice of the proscribed conduct;

    (2)    Show that the policy is based upon School District policy, State law, and federal law, to establish a legal basis for the policy;

    (3)    Show any relatedness to E.B.'s case;

    (4)    State the sanctions imposed for violation of the policy, e.g., three-day suspension;

    (5)    Comport with requirements of fundamental fairness;

    (6)    Comply with 22 <u>Pa.</u> <u>Code</u> 12.6, and 22 <u>Pa.</u> <u>Code</u> 12.8;

    (7)    Require an informal hearing, prior to suspension, under 22 <u>Pa.</u> <u>Code</u> 12.8(c);

    (8)    State rights and responsibilities of students;

    (9)    State the prescribed conduct of students; and

    (10)    Provide students procedural due process.

    b.    The policy concerning fighting (Level 1 or 2) does not:

    (1)    State a standard for deciding whether an altercation is Level 1 or Level 2;

    (2)    State the sanctions imposed, for a Level 1 or Level 2 violation;

    (3)    Limit the authority of school officials to discipline students for misconduct on school premises or a school-related activity, and, therefore, the policy is vague and overbroad, in violation of the rights of students under the Fourteenth Amendment;

    (4)    Show that the policy is based upon School District policy, State law, and federal law, to establish a legal basis for the policy;

    (5)    Inform students of their rights and responsibilities, especially the right to due process;

    (6)    State the consequences for violation of the policy;

(7)    Provide definitions of terms such as "self-defense", "severity", "Level 1", and "Level 2", in a manner so as to put students on notice of proscribed conduct;

(8)    Provide procedural safeguards for such disciplinary actions as suspension and expulsion;

(9)    Provide a standard for determining whether a fight is Level 1 or Level 2, and the punishment for a Level 1 or Level 2 fight;

(10)    State sanctions imposed for violation of the policy, e.g., expulsion for 30 school days, expulsion for one school year, or permanent expulsion;

(11)    Set forth standards to prevent arbitrary enforcement, and, therefore, the policy is void for vagueness;

(12)    Limit the authority of the School Board to discipline students, and, therefore, is unconstitutionally vague and overbroad;

(13)    Comport with requirements of fundamental fairness;

(14)    Require an informal hearing, prior to suspension, under 22 Pa. Code 12.8(c);

(15)    Provide for the education of a student permanently expelled from school, such as E.B.;

(16)    Follow 22 Pa. Code 12.6, and 22 Pa. Code 12.8, regarding exclusion from school, and hearings;

(17)    Show the policy was adopted by the School Board;

(18)    State the rights and responsibilities of students;

(19)    Allow discretion, in determining punishment, where a student fights "in self-defense"; and

(20)    State whether the policy applies to grade level K-12 or some other vertical pattern of organization.

15.    Prior to the expulsion hearing, Defendant School Board failed to place E.B. in E.B.'s normal classes. 22 Pa. Code 12.6(c)

16.    The record does not show an informal hearing was held, in order to determine whether E.B.'s presence in normal classes would constitute a threat to the health, safety, and welfare of others, or show the School Board determined whether it was possible to hold a hearing during the period of suspension. E.B. should not have been excluded from school longer than 15 school days, without a formal hearing, inasmuch as School District and E.B.'s parent did not mutually agree otherwise.  22 Pa. Code 12.6(d)

17.     E.B. was excluded from school more than 10 school days, and more than 15 school days, without a formal hearing or consent of the parent. 22 Pa. Code 12.6(d) In this regard, "when it was concluded … [E.B.] would not return to school, school officials should then have either put a cap on [the] period of suspension and taken steps to request a board hearing at the end of the period to determine whether [E.B.] should be expelled and/or ended the suspension and requested such a hearing forthwith; failure of school officials to undertake either action violated [E.B.'s] due process rights." Darby v. Schoo, et al., 544 F.Supp. 428 (W.D.Mich. 1982) (Brackets added)

18.     There is no evidence in the record to show E.B.'s presence in normal classes would have endangered the health, safety, or welfare of others. 22 Pa. Code 12.6(d)

19.     The record does not show E.B. received "some education", while excluded from school, and, if so, the type and quality of education. The record also does not show E.B. was given an opportunity to make up work missed, in being disciplined, such as assignments, and final examinations. 22 Pa. Code 12.6(b)(1)(vi)

20.     During the expulsion hearing, on May 6, 2008, Administration Exhibits "1" through "10" were introduced into evidence. Copies of these exhibits were not provided to E.B.'s parent, prior to the expulsion hearing. Further, the record does not appear to show E.B.'s parent was provided a copy of the Code of Student Conduct, prior to the hearing. Exhibit "D", and Exhibit "E", attached hereto, and made a part hereof.

21.     On June 4, 2008, Defendant School Board had not rendered its adjudication, which was adopted June 18, 2008, or eight (8) weeks after Plaintiff E.B. was suspended from school. Exhibit "C", and Exhibit "D", attached hereto, and made a part hereof.

22.    There is no explanation for Defendant School Board's unreasonable delay of eight weeks, or April 17, 2008, to June 18, 2008, in rendering its adjudication, during which time E.B. was denied a public education, a "property right", in violation of the Fourteenth Amendment. <u>Popp v. Western Beaver County School District</u>, 9 D & C. 3d 514, At 515, and 525 (Pa.Com.Pl 1979)

23.    As above-mentioned, during the eight (8) weeks, E.B. was denied a public education, without any explanation whatsoever, in violation of E.B.'s constitutional rights.

24.    By letter dated June 19, 2008, the parent was sent a copy of the adjudication, resolved June 18, 2008, which stated E.B. was permanently expelled from Woodland Hills School District, effective immediately. Exhibit "D," attached hereto, and made a part hereof

25.    As above-mentioned, on June 18, 2008, School Board permanently expelled minor Plaintiff, 10th grade, from school, notwithstanding various mitigating circumstances. As previously stated, E.B. was involved in an altercation in self-defense. Therefore, no fight occurred, under School District's Code of Student Conduct. Exhibit "B", attached hereto, and made a part hereof. Because no fight occurred, EB should not have been disciplined in any manner whatsoever. Nevertheless, E.B. was given the most severe punishment possible, i.e., a 10th grade student permanent expelled from school.

26.    There is nothing in the Exhibits or elsewhere on the record to show E.B. was provided an education from April 17, 2008, the date of suspension, to the end of the school year. Education is a "property right", under the Fourteenth Amendment of the United States Constitution. Not providing E.B. an education, from April 17, 2008, to the end of the school was a clear violation of the Fourteenth Amendment.

27.    The adjudication adopted by School Board is fatally flawed legally, due to reasons including, but not limited to, the following:

a.    Being fully unreasonable inherently, and enforced unreasonably, capriciously, arbitrarily, inequitably, and the like, thereby denying minor Plaintiff a right to a public education;

b.    Failing to exercise good faith, and reasonable flexibility, in applying any policies contained in the Code of Student Conduct;

c.    Failure to provide alternative education, for minor Plaintiff, and permit minor Plaintiff to make up all assignments;

d.    Failure to adhere to its own policy, and State law and federal law, regarding sanctions imposed for alleged violation of the Code of Student Conduct;

e.    Failure to state with particularity whether a full and complete record was before the School Board, prior to and during the voting process;

f.    No rational relationship can be found between E.B.'s punishment, and the alleged offense;

g.    Expelling minor Plaintiff permanently, without any consideration being given to the importance of minor Plaintiff receiving an education;

h.    No rational relationship can be found between E.B.'s punishment, and the alleged offense, where there was no fight, according to the Code of Student Conduct; and

i.    At the close of the hearing the Board took a short recess and then returned with a fully prepared typed resolution [like Minerva springing fully armed from the forehead of Jupiter], which Mr. Wolfe read into the record." Exhibit "A-1", attached hereto, and made a part hereof (Bracket in original; Underline added)

28.   The adjudication does not contain:

    a.   A copy of the Code of Student Conduct of Woodland Hills Schools District, regarding expulsion of students;

    b.   A copy of the Code of Student Conduct of Woodland Hills Schools District, regarding permanent expulsion of students;

    c.   A copy of the Code of Student Conduct of Woodland Hills Schools District, especially regarding suspension and expulsion of students;

    d.   A copy of the Code of Student Conduct of Woodland Hills Schools District, especially regarding suspension, and permanent expulsion of students;

    e.   A copy of any documents, to show permanent expulsion of E.B. was based upon state and federal law; and

    f.   A provision in the Code of Student Conduct, upon which the adjudication was based, to permanently expelling E.B. from school, inasmuch as E.B. acted in "self-defense".

29.   The adjudication is legally flawed fatally, for failure to state Findings of Fact, including, but not limited to, the following, in order to meet the burden of proof that:

    a.   Student E.B. was informed of the reasons for suspension, and given an opportunity to respond; 22 Pa. Code 12.6 (b)(1)(ii);

    b.   E.B., E.B.'s parent, and the School Superintendent were given written notice immediately, when E.B. was suspended; 22 Pa. Code 12.6(b)(1)(iii)

    c.   E.B., and E.B.'s parent were given an opportunity for an informal hearing, under 22 Pa. Code 12.8(c), inasmuch as the suspension exceeded three school days; Mifflin County School District v. Stewart, 503 A.2d 1012 (Pa. Cmwlth. 1986); and 22 Pa. Code 12.6(b)(1)(iv)

d.   E.B. was given an opportunity to make up exams and work missed, while being disciplined by suspension, and E.B. was permitted to complete all assignments within the guidelines established by the School Board; 22 Pa. Code 12.6(b)(1)(vi)

e.   E.B. was placed in normal classes, during the period prior to the expulsion hearing, and the decision of the School Board; 22 Pa. Code 12.6(c)

f.   E.B's presence in the normal class would constitute a threat to the health, safety or welfare of others; it was not possible to hold a formal hearing within the period of the suspension; and a mutual agreement was sought with Student E.B.'s parent, to exclude E.B. from school for more than 15 school days;  22 Pa. Code 12.6(d)

g.   E.B. was provided the required education, being aware that E.B.'s parent was unable to provide the education financially; 22 Pa. Code 12.6(e)(1) and (2)

h.   E.B. was given an informal hearing, in order to explain the circumstances regarding the altercation, and establish E.B. merely acted in self-defense;  22 Pa. Code 12.8(c)

i.   Written notice was given to the parent and E.B., regarding reasons for an informal hearing; 22 Pa. Code 12.8(c)(2)(i)

j.   E.B. was provided an informal hearing, for an opportunity to question witnesses. 22 Pa. Code 12.8(c)(2)(iii)

k.   E.B. was given notice of the right to speak, and produce witnesses, at the informal hearing; 22 Pa. Code 12.8(c)(2)(iv)

l.   An informal hearing was held, within the first five days of the suspension; 22 Pa. Code 12.8(c)(2)(v) and

m.   Compelling reasons caused delay in rendering the adjudication, from May 6, 2000 2008, to June 18, 2008, stating any and all such compelling reasons.

30.   The adjudication states in relevant part, in the event the family is unable to provide E.B. an education, while age 16, E.B. would be provided homebound education, to

terminate upon E.B. reaching age 17. On the contrary, in Pennsylvania, students under the age of 17 are subject to the compulsory attendance law, while students between the ages of 6 and 21 are entitled to a public education. 22 Pa. Code 12.1(a). Notwithstanding language in the adjudication to the contrary, E.B. is entitled to an education until age 21. As long as E.B. and E.B.'s parent reside in the School District, E.B. must be provided an education. E.B.'s parent is unable to provide E.B. an education.

31.    The adjudication leaves to the sole discretion of the School Superintendent, to provide E.B. homebound instruction, while E.B. is still 16 years of age, in the event the family is unable to provide E.B. an education. Exhibit "D", attached hereto, and made a part hereof. The parent is unable to provide E.B. an education. Therefore, Defendant School District must provide E.B. an education, which cannot be left to the sole discretion of the School Superintendent. 22 Pa. Code 12.6(e)(2) Further, E.B. is entitled to an education until age 21, notwithstanding the statement in the adjudication, above-mentioned, E.B. will be provided an education, "while he is still 16 years of age". 22 Pa. Code 12.1(a); and Exhibit "D", attached hereto, and made a part hereof.

32.    Paragraph 11f of the adjudication refers to Administration Exhibit "6", which is a copy of "the relevant provision" of the Woodland Hills School District 2007-2008 Code of Student Conduct. Exhibit "D", and Exhibit "E", attached hereto, and made a part hereof. Clearly, "the relevant provision" language is highly subjective. Administration Exhibit "6" provides no guidance whatsoever, regarding punishment for Level 1 or Level 2 fighting, or whether permanent expulsion is the sanction imposed for Level 1 or Level 2 fighting. As stated, Administration Exhibit "6" denies E.B. procedural due process. Goss v. Lopez, 95 S.Ct. 729 (1975).

33.     Paragraph 11g of the adjudication refers to Administration Exhibit "7", which purports to be E.B.'s acknowledgement of receipt of a copy of Woodland Hills School District 2007-2008 Code of Student Conduct. Exhibit "E," attached hereto, and made a part hereof. Notwithstanding acknowledgement, E.B. is entitled to procedural due process, often referred to as fundamental fairness. Absent the Code of Student Conduct, E.B. was denied due process. Goss v. Lopez, supra. Counsel for Plaintiffs requested a copy of the Code of Student Conduct, without success. Exhibit "G," attached hereto, and made a part hereof.

34.     In addition to procedural due process, the following are significant.

    a.     The record does not contain x-rays, medical records, and the like, in support of allegations school officials were injured, during the altercation; and

    b.     The record does not contain evidence to show E.B. caused any of the alleged injuries.

35.     Findings of Facts in the adjudication do not show E.B.:

    a.     Was provided an education subsequent to exclusion from school, on April 17, 2008, to the end of the school year;

    b.     Was provided an opportunity to take exams, and complete any and all assignments, from April 17, 2008, to the end of the 2007-2008 school year;

    c.     Caused injury to any school employee; and

    d.     Knowingly struck Mr. Deiuliis or any other employee.

36.     Paragraph 13 of the adjudication states: "Ms. Love and Mr. Clawson were standing in the hallway of the Senior High during the change of classes between second and third period on April 17, 2008. At that time, another student, Student C.H., ran toward Student E.B. in the hall and began punching Student E.B. The two students then began violently fighting in the hallway." Exhibit "D", attached hereto, and made a part hereof

37. School Board permanently expelled minor Plaintiff, 10th grade, from school, notwithstanding mitigating circumstances, including, but not limited to, minor Plaintiff's involvement in the incident was in self-defense. Because the incident was in self-defense, there was no fight, according to the Code of Student Conduct. Exhibit "B", attached hereto, and made a part hereof. Absent a fight, Plaintiff EB should not have been disciplined in any manner whatsoever. Instead, Plaintiff E.B. was given the most severe punishment possible, i.e., permanent expulsion from school, in 10th grade.

38. The record does not provide an explanation for the unreasonable delay in issuing the adjudication, or about eight weeks, and does not show E.B. was provided an education, during this period. In <u>Popp v. Western Beaver County School District</u>, 9 D & C. 3d 514, At 515, and 525 (Pa.Com.Pl 1979), the Court stated:

> "4. <u>An unexplained five-week delay in the issuing of an adjudication by a school board in connection with a formal hearing on the discipline of a student is an unreasonable delay within the meaning of regulations promulgated by the State Board of Education</u>…Therefore, since the proceedings by which Plaintiff was excluded from school and his permanent expulsion therefrom were not in accordance with the law, <u>we have been compelled to reverse the decision of the school district and order Plaintiff's reinstatement.</u>"
> (Underlines added)

39. The procedures followed, regarding suspension and permanent expulsion of E.B. are flawed legally, especially failure to comply with regulations of Pennsylvania State Board of Education, denying E.B. procedural and substantive due process, including, but not limited to, the following. 22 <u>Pa. Code</u> 12.6, and 22 <u>Pa. Code</u> 12.8

> a. Failing to inform Student E.B. of the reasons for suspension, and giving E.B. an opportunity to respond; 22 <u>Pa. Code</u> 12.6(b)(1)(ii)

b.  Failing to notify E.B.'s parent and the School Superintendent in writing immediately, when E.B. was suspended; 22 Pa. Code 12.6(b)(1)(iii)

c.  Failing to give E.B., and E.B.'s parent an opportunity for an informal hearing, under 22 Pa. Code 12.8(c), inasmuch as the suspension exceeded three school days; Mifflin County School District v. Stewart, 503 A.2d 1012 (Pa. Cmwlth. 1986); and 22 Pa. Code 12.6(b)(1)(iv)

d.  Failing to provide E.B. an opportunity to make up exams and work missed, while being disciplined by suspension, and permit E.B. to complete all assignments within the guidelines established by the School Board; 22 Pa. Code 12.6(b)(1)(vi)

e.  Failing to place E.B. in normal classes, during that period prior to the expulsion hearing, and the decision of the School Board; 22 Pa. Code 12.6(c)

f.  Failing to hold an informal hearing, to determine whether E.B's presence in the normal class would constitute a threat to the health, safety or welfare of others; failing to determine whether it was possible to hold a formal hearing within the period of the suspension; and, if not, failing to seek a mutual agreement with E.B.'s parent to exclude E.B. from school for more than 15 school days;[2] 22 Pa. Code 12.6(d)

g.  Failing to provide E.B. required education, being fully aware E.B.'s parent was financially unable to provide the education; 22 Pa. Code 12.6(e)(1) and (2)

h.  Failing to give written notification to the parent and E.B. of reasons for an informal hearing; 22 Pa. Code 12.8(c)(2)(i)

i.  Failing to provide E.B. an informal hearing, enabling E.B. to meet with the appropriate school officials to explain any and all circumstances surrounding the altercation for which E.B. was being suspended or show why, because of self-defense, E.B. should not be suspended; 22 Pa. Code 12.8(c)

---

[2]On April 17, 2008, E.B. was suspended from school. On May 6, 2008, the expulsion hearing was held, and, on June 18, 2008, the School Board rendered its adjudication. E.B. was not permitted to return to school after the suspension on April 17, 2008. Therefore, E.B. was excluded from school more than 15 school days consecutively, without a formal hearing or mutual agreement with E.B.'s parent, in violation of 22 Pa. Code 12.6(d).

j.  Failing to give sufficient notice of the time and place of the informal hearing; 22 Pa. Code 12.8(c)(2)(ii)

k.  Failing to provide E.B. an opportunity to question witnesses, at an informal hearing;  22 Pa. Code 12.8(c)(2)(iii)

l.  Failing to give E.B. notice of the right to speak, and produce witnesses, at the informal hearing; 22 Pa. Code 12.8(c)(2)(iv)

m.  Failing to offer to hold the informal hearing within the first five days of the suspension;[3]  22 Pa. Code 12.8(c) (2)(v)

n.  Failing to state the effective date of the permanent expulsion, and, instead, stated: "Effectively [sic] immediately, Student E.B. is permanently expelled from the public schools of Woodland Hills School District." Exhibit "D," attached hereto, and made a part hereof

40.  The Public School Code of 1949, as amended, 24 P.S. 5-510, states:

"The board of school directors in any school district may adopt and enforce such reasonable rules and regulations as it may deem necessary and proper…regarding the conduct and deportment of all pupils attending the public schools in the district, during such time as they are under the supervision of the board of school directors and teachers, including the time necessarily spent in coming to and returning from school."

Where, as here, a school board exceeds its rulemaking authority, and grossly

abuses its discretion, the courts must intervene.  The following cases address the scope of

Section 5-510 of the Public School Code: D.O.F. v. Lewisburg Area School District, 868

A.2d 28 (Pa.Cmwlth. 2004); Hoke v. Elizabethtown Area School District, 833 A.2d 304

(Pa.Cmwlth. 2003); In re Appeal of J.A.D., 782 A.2d 1069 (Pa.Cmwlth. 2001); Giles on

behalf of Giles v. Brookville Area School District, 669 A.2d 1079 (Pa.Cmwlth. 1995); and

Abremski v. Southeastern School District, 421 A.2d 485 (Pa.Cmwlth. 1980)

---

[3]Killion v. Franklin Regional School District, 136 F. Supp. 2d 446 (W.D.Pa. 2001); Burns v. Hitchcock, 683 A.2d 1322 (Pa. Cmwlth. 1996); Mifflin County School District v. Stewart, 503 A.2d 1012 (Pa.Cmwlth. 1986); and Mullan v. Wyalusing Area School, 30 D & C. 4th 179 (Pa.Com.Pl 1996); and22 Pa. Code 12.8(c)(2)(i-v).

41.    Although a board of school directors may adopt and enforce such reasonable rules and regulations as it may deem necessary and proper, under 24 P.S. 5-510, the board of school directors has discretion to impose disciplinary sanctions upon students, only where the conduct of students is contrary to such rules and regulations. Here, Defendant School Board imposed maximum disciplinary sanction upon E.B., i.e., permanent expulsion from school, but there was no "fight". E.B. acted in "self-defense", in accordance with the Code of Student Conduct. No student should be disciplined, for conduct in accordance with the Code of Student Conduct.

42.    The relevant section of School District's Code of Student Conduct states:

> "A fight does not occur where one student is pushing, punching, kicking or committing other aggressive actions upon another student who is not responding *other than in self-defense*. In such case, the offending student will be disciplined for assault. This type of behavior will not be tolerated by the Woodland Hills School District." (Exhibit "B," attached hereto, and made a part hereof; Underline in original; Italics added)

43.    As above-mentioned, Student C.H. ran toward Student E.B., in the hallway, began punching Student E.B, at which time E.B. responded in self-defense. Because E.B. responded in self-defense, as stated in School District's Code of Student Conduct, E.B. was not in violation of the Code of Student Conduct. As above-mentioned, E.B. was given the most severe discipline possible, i.e., permanent expulsion from school. Exhibit "A", Exhibit "B", and Exhibit "D", attached hereto, and made a part hereof. As above-mentioned, E.B. was given the most severe discipline possible, merely for protecting himself.

44.    The universally well-known principle the punishment should fit the crime "is deeply rooted and frequently repeated in common law jurisprudence." Solem v. Helm, 103 S.Ct. 3001, 3006 (1983). Here, E.B. did not commit a "crime". Instead, E.B. acted in

"self-defense", as stated in the Code of Student Conduct. Exhibit "B", attached hereto, and made a part hereof. Nevertheless, E.B., age 16, 10th grade, was permanently expelled from school. Assuming E.B. attacked Student C.H., and C.H. acted in "self-defense", E.B.'s punishment for attacking C.H. could be no greater than E.B.'s punishment for acting in "self-defense", i.e., permanent expulsion. Here, C.H.'s  punishment for "fighting" can be no greater than E.B.'s punishment for acting in "self-defense", i.e., permanent expulsion.

45.     The concept "due process" refers to fundamental fairness. Goss v. Lopez, 95 S.Ct. 729 (1975); and Gorman v. University of Rhode Island, 837 F.2d 7 (1st Cir. 1988). Based upon the facts of this case, E.B's permanent expulsion was unreasonably excessive, and, therefore, a denial of fundamental fairness. Goss v. Lopez, 95 S.Ct. 729 (1975); and Gorman v. University of Rhode Island, 837 F.2d 7 (1st Cir. 1988).

46.     Students in a public school are "persons" under the U.S. Constitution, and have substantive and procedural due process rights, and liberty interests in school. Goss v. Lopez, 95 S.Ct. 729 (1975); Tinker v. Des Moines Independent Community School District, 89 S.Ct. 733 (1969); and Wood v. Strickland, 95 S.Ct. 992 (1975).

47.     School officials, are agents of the state. When acting under color of state law, school officials violate the substantive component of the Due Process Clause, where their conduct is arbitrary, or  conscious shocking constitutionally. Goodwin v. Moyer, 549 F.Supp.2d 621 (M.D.Pa. 2006)

48.     In school discipline cases, a substantive due process claim will succeed, if there is no rational relationship between punishment and offense. To show a substantive due process violation did not occur, school officials must show punishment of the student bears a rational relationship to the offense. Children possess property and liberty interest,

in attending public school, protected by due process. The touchstone of substantive due process is protection of the individual against arbitrary action of government. County of Sacramento v. Lewis, 118 S.Ct. 1708 (1998); MLC Automotive, LLC v. The Town of Southern Pines, 532 F.3d 269 (4th Cir. 2008); Peterson v. Baker, 504 F.3d 1331 (11[th]Cir. 2007); and Goodwin v. Moyer, 549 F.Supp.2d 621 (M.D.Pa. 2006)

49.     As above-mentioned, on July 17, 2008, Plaintiffs filed Statutory Appeal and Petition for Supersedeas, at Case No. SA 08-816, in the Court of Common Pleas of Allegheny County, Pennsylvania. During the entire 2008-2009 school year, E.B., 11th grade, was not permitted to return to school, during which time Defendant School District failed and refused to provide E.B. a meaningful education. Nevertheless, at the end of the 2008-2009 school year, E.B. was promoted to 12th grade. Education is a "property right". Failure of Defendant School District to provide E.B. a meaningful education, the entire 2008-2009 school year, denied E.B. procedural and substantive due process, and liberty interests, in violation of the Fourteenth Amendment of the United States Constitution.

50.     By Memorandum Order, dated July 28, 2009, the Court sustained Statutory Appeal and Petition for Supersedeas, based upon Defendant Woodland Hills School District 2007-2008 Code of Student Conduct (School Code), which states: "A fight does not occur where one student is pushing, punching, kicking or committing other aggressive actions upon another student who is not responding in kind other than in self-defense." Exhibit "A", and Exhibit "B", attached hereto, and made a part hereof (Underline in original) Concluding a fight did not occur, because E.B. acted in self-defense, the Court ordered Defendant School District to reinstate E.B. in school. Exhibit "A", attached hereto, and made a part hereof.

51.     The Memorandum Order states, <u>inter alia</u>:

> "**E.B.'s** counsel has argued that the **District's** own rules and regulations recognize self-defense as a valid exception to the general no fighting rule. <u>I recognize that the 'substantial evidence' rule applies here</u> (See, **D.O.F. v. Lewisburg Area School District Board of School Directors, 868 A.2d 28 (Pa. Cmwlth. 2004)**, but find, from the evidence, that no 'fighting' occurred here. By its own regulations, the **District** excepts self-defense from the definition of 'fighting'. Therefore, there is no evidence of 'fighting.' Thus my ruling.

> Counsel for **E.B.** in his appeal has raised other procedural points and also pointed out that the **District** has an obligation to provide alternative education to **EB** if he is to be expelled.

> <u>Further, **EB** has been out of school for an entire year, and has not received anything close to an adequate substitute education. Moreover, his poor grades coupled with his good attendance show he needs some special attention, and he should receive it.  I find this alternative education to be inadequate, as asserted in paragraphs 17 through 25 of the Appeal.</u>

> <u>In view of my decision to sustain the appeal, and to **ORDER** the reinstatement of **EB**, I need not address these issues. It does appear, however, that the alternative education offered was woefully inadequate, particularly when **EB** was struggling with most of his classes while he was in the High School.</u>

> Thus, I find that this is a case of self-defense, and **EB's** Appeal is **SUSTAINED,** and **EB** needs to be returned to the High School in the **District**, and placed in an appropriate educational setting, suitable to his academic performance and needs. **SO ORDERED."** Exhibit "A", At 9, attached hereto, and made a part hereof (Bold in original; Underlines added)[4]

52.     Reviewing the decision of a school board, regarding student discipline, the

role of the court is to determine whether the school board acted within the parameters of

---

[4]The Memorandum Order states the "substantial evidence" rule applies in this case. Substantial evidence has been defined as more than a mere scintilla, and is relevant evidence a reasonable mind might accept as adequate to support a conclusion. <u>D.O.F. v. Lewisburg Area School District Board of School Directors</u>, 868 A.2d 28, 37 (Pa. Cmwlth. 2004). In entering the Memorandum Order, the Court stated the substantial evidence rule applies in this case. Nevertheless, the Court rendered its decision in favor of Plaintiffs, and against Defendants, notwithstanding the substantial evidence rule.

the legal authority provided by the state legislature. Absent gross abuse of discretion, the court must not second-guess a school board's policies and procedures. D.O.F. v. Lewisburg Area School District, 868 A.2d 28 (Pa.Cmwlth. 2004); Hoke v. Elizabethtown Area School District, 833 A.2d 304 (Pa.Cmwlth. 2003); In re Appeal of J.A.D., 782 A.2d 1069 (Pa.Cmwlth. 2001); and Acitelli v. Westmont Hilltop School District, 325 A.2d 490 (Pa.Cmwlth. 2001)

53.     In its Memorandum Order, the Court recognizes the "substantial evidence" rule applies in this case. The concept "substantial evidence" is defined as more than a mere scintilla, and is relevant evidence a reasonable mind may accept as adequate to support a conclusion.[5] School District is a local agency, for judicial review, including School Board. As above-mentioned, in reviewing the decision of the School Board, regarding disciplining Plaintiff E.B., the role of the Court is to determine whether the School Board acted within parameters of legal authority provided by Pennsylvania State Legislature. Under the "substantial evidence" rule, the Court must affirm the decision of a School Board, unless: (1) There was a gross abuse of discretion, (2) School Board made a constitutional error or committed an error of law; (3) There was a procedural irregularity; or (4) Necessary findings of fact are not supported by substantial evidence. D.O.F. v. Lewisburg Area School District, 868 A.2d 28 (Pa.Cmwlth. 2004); Hoke v. Elizabethtown Area School District, 833 A.2d 304 (Pa.Cmwlth. 2003); In re Appeal of J.A.D., 782 A.2d 1069 (Pa.Cmwlth. 2001); and Acitelli v. Westmont Hilltop School District, 325 A.2d 490 (Pa.Cmwlth. 2001)

54.     Defendant School Board permanently expelled Plaintiff E.B. for fighting. Based upon School District's policy, the Court concluded E.B. was not engaged in fighting,

and, instead, merely acted in "self-defense". As above-mentioned, the Court must affirm the decision of the School Board, based upon the "substantial evidence" rule. Defendant School Board failed to comply with the "substantial evidence" rule, because E.B. acted in self-defense, in accordance with School District's policy. The Court ordered return of E.B. to school. Exhibit "A", and Exhibit "B", attached hereto, and made a part hereof.

55.     The decision of the School Board to permanently expel E.B. from school was reversed, for many reasons, including the following: (1) Violation of the Fourteenth Amendment of the United States Constitution, specifically procedural due process, and substantive due process; (2) There was no "fight", as defined in the School District policy, because E.B. acted in self-defense; and (3) School Board failed to act within the authority provided by the Pennsylvania State Legislature.

56.     To state a claim concerning substantive due process, under the Fourteenth Amendment of the United States Constitution, three criteria must be met: (1) Defendant acted under color of state law, at the time of the alleged deprivation; (2) The existence of a protected interest in life, liberty, or property, interfered with by a state defendant; and (3) The action of Defendant falls so far beyond the outer limits of legitimate governmental action that no process could cure the efficiency. County of Sacramento v. Lewis, 118 S.Ct. 1708 (1998); MLC Automotive, LLC v. The Town of Southern Pines, 532 F.3d 269 (4th Cir. 2008); Peterson v. Baker, 504 F.3d 1331 (11thCir. 2007); Rosa R. v. Connelly, Southern Blasting Services, Incorporated v. Wilkes County, North Carolina, 288 F.3d 584 (4th Cir. 2002); Seal v. Morgan, 229 F.3d 567 (6th Cir. 2000); Love v. Pepersack, Sr., et al, 47 F.3d 120 (4th Cir. 1995); Barnett v. Tipton County Board of Education, 601 F.Supp.2d 980 (W.D.Tenn. 2009); Assoko v. City of New York, 539 F.Supp.2d 728 (S.D.N.Y.

[5]Id.

2008); Brown v. Plainfield Community Consolidated District, 522 F.Supp.2d 1068 (N.D.Ill. 2007); and Goodwin v. Moyer, 549 F.Supp.2d 621 (M.D.Pa. 2006)

57.     In reviewing the decision of a school board, regarding disciplining a student, the role of the court is to determine whether the school board acted within the parameters of the legal authority provided by the state legislature. Absent gross abuse of its discretion, the courts will not second-guess policies and procedures of the school board. D.O.F. v. Lewisburg Area School District, 868 A.2d 28 (Pa.Cmwlth. 2004); Hoke v. Elizabethtown Area School District, 833 A.2d 304 (Pa.Cmwlth. 2003); In re Appeal of J.A.D., 782 A.2d 1069 (Pa.Cmwlth. 2001); and Acitelli v. Westmont Hilltop School District, 325 A.2d 490 (Pa.Cmwlth. 2001)

58.     School District's Code of Student Conduct states a fight does not occur, where a student acts in self-defense. The record clearly shows E.B. acted in self-defense, and, therefore, should not have been disciplined in any manner whatsoever, especially permanent expulsion. Based upon the facts in this case, permanent expulsion of E.B. was a gross abuse of discretion.

59.     Paragraphs 11h, 11i, and 11j of the adjudication refer to Administration Exhibit "8", Exhibit "9", and Exhibit "10", respectively, as a summary of E.B.'s disciplinary history, academic records, and attendance records. Exhibit "D," and Exhibit "E", attached hereto, and made a part hereof. It is far from clear as to what extent these Exhibits were relied upon, if at all, in the decision to permanently expel E.B., thereby leaving this issue to mere speculation. Permanent expulsion is the maximum punishment a school board may impose upon a student. Having permanently expelled E.B. from school, it seems clear Administration Exhibits "8", "9", and "10" were not given favorable consideration.

60. Some degree of discipline must be at the discretion of teachers, principals, and other school officials in the School District. However, the discipline must be subject to policies and procedures of the School Board, and in accordance with state and federal law. The record does not show relevant portions of the Code of Student Conduct, which formed the basis of the adjudication, were based upon policies and procedures of the School Board, state law, and federal law. Exhibit "B", Exhibit "D", and Exhibit "E", attached hereto, and made a part hereof.

61. Permanent expulsion of E.B. is illegal, unwarranted, unreasonable, and a clear and flagrant abuse of discretion, including, but not limited to, the following:

a. Being either an improper form of punishment or punishment of an excessive duration, relative to the nature and character of the alleged offense;

b. Being either an improper form of punishment or punishment of excessive duration, since the School Board never attempted to determine whether minor Plaintiff had educational, social, or emotional needs not being met and, if so, utilize the services of its professional staff, in an effort to meet those needs, especially regarding special education;

c. Being an arbitrary and capricious penalty, for the alleged incident of misconduct, especially due to the commingling of functions;

d. Being based in whole or in part upon evidence adduced during the expulsion hearing, May 6, 2008, which was hearsay evidence, opinion evidence, or otherwise privileged or incompetent evidence;

e. Denying minor Plaintiff an opportunity to face potential witnesses, including students and others;

f. Failing to afford minor Plaintiff procedural due process, prior to the suspension on April 17, 2008, and subsequently;

g.   Failing to base the decision regarding expulsion upon proper findings of fact and conclusions of law;

h.   Failing to make a complete record of the expulsion proceedings, on May 6, 2008, especially a complete copy of the Code of Student Conduct, and relevant School District policies;

i.   Depriving minor Plaintiff the right to a public education, due to permanent expulsion, without at least providing an alternative education;

j.   Depriving minor Plaintiff equal protection of law, failing and refusing to offer alternative education, expecting parent to provide private education, which, unlike wealthier parents, the parent cannot afford;

k.   Failing to comply with procedural due process requirements for expulsion of a student from public schools, especially 22 Pa. Code 12.6 and 12.8;

l.   Failing and refusing to provide minor Plaintiff an education, subsequent to suspension, and prior to the expulsion hearing;

m.   Failing and refusing to provide minor Plaintiff an opportunity to make up school work, prior to expulsion, on or May 6, 2008;

n.   Failing to expel other students from school for two years, under similar facts;

o.   Failing to develop a policy, regarding fighting, in compliance with State and federal law;

p.   Failing to afford minor Plaintiff due process, under Goss v. Lopez, 95 S.Ct. 729 (1975);

q.   Failing to reasonably safeguard minor Plaintiff's right to a fair and unbiased hearing, especially the prosecutorial and adjudicatory functions; and

r.   Not permitting minor Plaintiff to return to school, after suspension, pending a formal hearing, absent clear evidence minor Plaintiff's presence on school premises would be a threat to the health, safety, morals, or welfare of others.

62.    E.B. has a right to a public education, until age 21.  22 Pa. Code 12.1(a).

63.    School District was required to provide E.B. an education, inasmuch as it was not determined E.B.'s presence on school premises would be a threat to the health, welfare, and safety of others, which would have enabled E.B. to complete the school year more successfully academically. 22 Pa. Code 12.6(d)

64.    Defendants have been fully informed E.B.'s parent cannot provide E.B. a meaningful education, for financial and other reasons. Defendants have been informed the education provided E.B. is inadequate. Exhibit "A", attached hereto, and made a part hereof.

65.    Plaintiffs believe, and, therefore aver that;

   a.    A full and complete record was not made before the
          School Board, a local agency;

   b.    Provision of alternative education was mandatory,
          which was not provided meaningfully; and

   c.    It was impossible for minor Plaintiff to receive an
          impartial tribunal before the local agency herein.

66.    In permanently expelling Plaintiff E.B., age 16, 10th grade, Defendants gave no considerations to mitigating circumstances, e.g., E.B. acting in "self-defense", as above-mentioned.

67.    Defendants failed and refused to provide Plaintiffs:

   a.    A true and correct copy of the policy of Woodland Hills
          Schools District, especially regarding expulsion;

   b.    A copy of the policy of Woodland Hills Schools District,
          especially regarding permanent expulsion;

   c.    A copy of the Code of Student Conduct of Woodland
          Hills Schools District, especially regarding expulsion
          of students; and

d.    A copy of the Code of Student Conduct of Woodland Hills Schools District, especially regarding permanent expulsion.

68.    Under the Child-Find Provision of the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. 1400(a)(3) and (10)(A)(ii),[6] School District was obligated to identify, locate, and evaluate all students in the School District, to determine whether any student was a child with a disability, and, therefore, entitled to special education. Pennsylvania law goes beyond federal law, requiring each public school district in the Commonwealth, for example, to "adopt and use a public outreach awareness system to locate and identify children thought to be eligible for special education services within the school district's jurisdiction." 22 Pa. Code 14.121. There is nothing on this record to suggest School District complied with the "Child-Find" law, and evaluated E.B., to determine whether E.B. is a child with a disability, entitled to special education. Assuming, arguendo, School District complied with applicable "Child-Find" law, and determined Student E.B. eligible for special education, School District would have had no authority whatsoever to permanently expel Student E.B.

69.    The expulsion hearing was held on May 6, 2008, and, on June 18, 2008, the School Board rendered its decision. By letter dated June 27, 2008, Defendant's counsel sent a copy of the adjudication to Plaintiffs' counsel. Parent was not provided a copy of exhibits, to be introduced into evidence during the expulsion hearing. By letter dated July 7, 2008, counsel for Plaintiffs requested a copy of the exhibits.[7] Exhibit "F", attached hereto, and made a part hereof. There is no explanation in the record for the almost eight-week delay in issuing the adjudication, which is unreasonable under State law. Popp v. Western Beaver County School District, 9 D& C. 3d 514 (1979)

---

[6]This Act may now be cited as the "Individuals with Disabilities Education Improvement Act of 2004".
[7]As above-mentioned, E.B. and parent were not represented by counsel, during the expulsion hearing.

70.     Student E.B. should have been returned to school, following suspension, and expulsion, because Defendants failed to comply with State regulations, regarding disciplinary exclusions, referred to as "Bill of Rights". Popp v. Western Beaver County School District, 9 D & C. 3d 514 (Pa.Com.Pl 1979).

71.     Failure of Defendants to comply with the requirements of 22 Pa. Code 12.6, and 22 Pa. Code 12.8,[8] standing alone, was sufficient to stay the decision of Defendant School Board to permanently expel minor Plaintiff from school, and order Defendants to re-admit minor Plaintiff to school forthwith, pending final order in this case.

72.     22 Pa. Code 12.6 of Pennsylvania Code states in relevant part:

> **"[Section] 12.6.  Exclusion from school.**
>
> (a)     The governing board shall define and publish the types of offenses that would lead to exclusion from school…
> (b)     Exclusion from school may take the form of suspension or expulsion.
> (1)     Suspension is exclusion from school for a period of from 1 to 10 consecutive school days…
> (2)     Expulsion is exclusion from school by the governing board for a period exceeding 10 school days and may be permanent expulsion from the school rolls…."[9]
> (Bold in original; Underlines added)

73.     Regarding requirements of 22 Pa. Code 12.6, three points are made. One, based upon State regulations, Defendant School Board was required to define and publish the types of offenses that would lead to exclusion from school. Two, exclusion from school may be permanent expulsion. The administrative record does not contain a copy of

---

[8]The regulations, 22 Pa. Code 12.6, and 22 Pa. Code 12.8, were promulgated by the Pennsylvania State Board of Education, and challenged by a number of school districts. In Girard School District v. Pittenger, 392 A.2d 261, 481 Pa. 91 (1978), the State Supreme Court held the regulations were a valid exercise of the State Board of Education's legislative rule-making power, vested in the State Board of Education by the Pennsylvania Legislature.
[9]Here, it is important to place emphasis upon the term "shall", in sharp contrast to the term "may". Clearly, the term "shall" is mandatory, and the term "may" is permissive. Stated differently, Defendant School

a Code of Student Conduct. Therefore, it seems reasonable to assume Defendant School Board failed to publish a Code of Student Conduct, in accordance with 22 Pa. Code 12.6. As such, Defendant School Board had absolutely no legal authority whatsoever to exclude Student E.B. from school, whether by suspension, expulsion, or permanently expulsion. In this regard, counsel for Plaintiffs requested a copy of the Code of Student Conduct, which was not provided. Exhibit "G", attached hereto, and made a part hereof.

74.   Based upon the forgoing: (a)  Plaintiff E.B.'s constitutional rights have been violated; (b) The adjudication is not in accordance with the applicable law; (c) Provisions of Local Agency Law were violated, in particular regarding fundamental fairness; (d) Findings of Fact are not supported by substantial evidence; (e) Defendants failed to comply with State law, specifically 22 Pa. Code 12.6, and 22 Pa. Code 12.8, regarding student discipline; (f) The record does not include a Code of Student Conduct; (g)The record does not include relevant portions of School District's policies, for imposing disciplinary sanctions upon Student E.B.; and (h) Defendants have not complied with the Child-Find Provision of the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. 1400(a)(3) and (10)(A)(ii),[10] and applicable State law, regarding E.B.'s eligibility for special education. 22 Pa. Code Chapter 14

75.   Based upon the above-mentioned, Defendants have violated Plaintiff E.B.'s rights, under federal and state law, negatively impacting E.B. educationally, psychologically, emotionally, and otherwise.

76.   Based upon the above-mentioned, E.B. needs tutoring, counseling, and other services, to obtain a meaningful education, gainful employment, and contribute to this society. Defendants should be required to pay for tutoring, counseling, other services, and costs.

---

Board was legally mandated to define and publish the types of offenses that would lead to exclusion from school, but failed to do so, presumably.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Honorable Court award:

a.   Consequential damages, in the amount of $10,000.00;

b.   Compensatory damages, in the amount of $20,000.00;

c.   Punitive damages in the amount of $70,000.00;

d.   Reasonable attorney's fees, in the amount of $45,000.00, or such amount as determined appropriate by the Court;

e.   Costs and expenses, regarding all litigation; and

f.   Such other relief as the Court deems just and proper.


Dated:      April 2, 2010


RESPECTFULLY SUBMITTED:


EUGENE A. LINCOLN, ESQUIRE
Pa. I.D. No. 26423
Attorney for Plaintiffs
Suite 900 Allegheny Building
429 Forbes Avenue
Pittsburgh, Pennsylvania 15219
(412) 355-0182

---

[10]This Act may now be cited as the "Individuals with Disabilities Education Improvement Act of 2004".

## VERIFICATION

I verify that the statements made herein are true and correct.  I understand that false statements are made subject to the penalties of 18 Pa.C.S. Section 4904, relating to unsworn falsifications to authorities.

Date: April 1, 2010

Attorney

## CERTIFICATE OF SERVICE

I, EUGENE A. LINCOLN, ESQUIRE, hereby certify that a true and correct copy

of the Complaint herein was served upon the individuals named below, Monday, April 5,

2010, certified mail, postage prepaid, return receipt requested.

SUSAN T. ROBERTS, ESQUIRE
Attorney for Defendants
Peacock Keller & Ecker LLP
70 East Beau Street
Washington, PA 15301

WOODLAND HILLS SCHOOL
DISTRICT
430 Greensburg Pike
Turtle Creek, PA 15145

WOODLAND HILLS BOARD
OF SCHOOL DIRECTORS
2430 Greensburg Pike
Turtle Creek, PA 15145

DR. WALTER M. CALINGER
School Superintendent
Woodland Hills School District
2430 Greensburg Pike
Turtle Creek, PA 15145

MR. DAVID W. JOHNSTON
Assistant to School Superintendent
Woodland Hills School District
2430 Greensburg Pike
Turtle Creek, PA 15145

MS. ALLISON KLINE
Co-Principal
Woodland Hills High School
Woodland Hills School District
2430 Greensburg Pike
Turtle Creek, PA 15145

EUGENE A. LINCOLN, ESQUIRE
ATTORNEY FOR PLAINTIFFS