IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

E.B., a minor; E.D.B., as )
parent and in own right; )
 )
 )
 Plaintiffs, )
 )
 v. ) Civil Action No. 10-0442
 )
WOODLAND HILLS SCHOOL )
DISTRICT, et al., )
 )
 Defendants. )

MEMORANDUM

Gary L. Lancaster,
Chief Judge.                                July 13, 2010

This is an action alleging violation of constitutional rights. Plaintiffs, E.B. a minor, and E.B.D., E.B's parent, allege violations of E.B.'s procedural and substantive due process rights pursuant to 42 U.S.C. § 1983 and § 1988, and the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1400, et seq., and the special education regulations of Pennsylvania Special Education Services and Programs, 22 Pa. Code § 14. Plaintiffs request consequential damages, compensatory damages, punitive damages, attorneys fees, and costs and expenses of litigation.

Defendants are the Woodland Hills School District, the Woodland Hills Board of School Directors, Dr. Walter M. Calinger, individually and as Superintendent of Woodland Hills School District, David W. Johnston, individually and as Assistant Superintendent, and Allison Kline, individually and as co-principal

of Woodland Hills High School. Before the court are defendants' motions to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(5), 12(b)(6), 12(e) and 8(d). For the reasons to follow, the court will grant in part and deny in part defendants' motions.

I. Background

On April 17, 2008, E.B., at the time a sophomore at Woodland Hills High School, was involved in a fight with another student on school premises that resulted in injuries to at least one school staff member. [Doc. No. 1, Ex. 5, p. 3.]. The district notified E.D.B. via letter[1] that an expulsion hearing would take place before the Board of School Directors on May 6, 2008, at which time Ms. Allison Kline, principal of Woodland Hills High School, would testify as to the events of April 17, 2008. [Doc. No. 1, Ex. 6, p. 3]. The letter notified E.D.B. that E.B. had the right to be represented by counsel, to testify, present evidence and cross-examine witnesses. [Id. at p. 4].

At the hearing, witnesses testified that during a change in classes, another student ran toward E.B. and began to punch him.

---

[1] The Third Circuit Court of Appeals has held that a court, in considering a motion to dismiss, may examine documents or exhibits that are attached to and described in the complaint. Friedman v. Lansdale Parking Auth., 151 F.R.D. 42, 43-44 (E.D. Pa. 1993)(citing Chester County Intermediate Unit v. Pa. Blue Shield, 896 F.2d 808, 812 (3d Cir. 1990)).

The two students then began fighting violently in the hallway. [Doc. No. 1, Ex. 5, p. 5]. Multiple teachers intervened in an attempt to stop the fight, including Mr. Clawson, who suffered a fractured kneecap. At the hearing, defendant Kline testified as to the seriousness of the offense and recommended that E.B. be permanently expelled from the high school for violations of the District's Code of Conduct. E.B. and E.D.B. also testified, but were not represented by counsel.

At the end of the hearing, the Board of School Directors issued its adjudication, permanently expelling E.B. from the school district. The Board found that "while Student E.B. did not start the fight, his actions in fighting after being directed to stop by staff and under the circumstances of the case went beyond self defense." [Doc. No. 1, Ex. 5, p. 8]. The adjudication also directed that "appropriate pupil counseling and other District Services shall be made available during the period of exclusion." As a result, E.B. missed his entire junior year, the 2008-2009 school year.

E.B. appealed the School Board's decision to the Court of Common Pleas of Allegheny County. In July 2009, the court ordered the school district to rescind the permanent expulsion, finding that E.B. "was engaged in self-defense, and needed to defend himself from the violent, unprovoked attack by [the other student], who, after he 'sucker punched' E.B., continued to attack." Because

3

the School Code states that "a fight does not occur where one student is pushing, punching, kicking, or committing other aggressive actions upon another student who is not responding in kind other than in self defense," the court concluded that by engaging in self-defense, E.B. had not "fought" anyone. [Doc. No. 1, Ex. 1, p. 9]. The court also held that E.B. had "not received anything close to an adequate substitute education" while out of school. E.B. returned to school as a senior and graduated on May 10, 2010.

E.B. initiated this lawsuit on April 1, 2010, alleging, inter alia,: (1) violation of E.B.'s Fourth Amendment property rights, in particular his right to an education; (2) the expulsion adjudication was not in accordance with applicable state law; (3) violations of local agency law; (4) findings of fact not supported by substantial evidence; (5) failure of defendants to comply with state law regarding student discipline; (6) failure of the record to include a code of student conduct; (7) failure of the record to include relevant portions of the school district's policies; and (8) failure of the defendants to comply with the Child-Find Provision of the Individuals with Disabilities Education Act (IDEA) and 22 Pa. Code § 14. [Doc. No. 1, p. 31].

Defendants responded by filing a 12(b)(5) motion that

4

service of process was deficient.[2] They subsequently filed the 12(b)(6), 12(e) and Rule 8 motions that are pending before the court.

II. Standard of Review

In considering a Rule 12(b)(6) motion, we must be mindful that federal courts require notice pleading, as opposed to the heightened standard of fact pleading. Federal Rule of Civil Procedure 8(a)(2) requires only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds on which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

To survive a motion to dismiss, a complaint must contain sufficient facts that, if accepted as true, state "a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 at 570). A claim has

---

[2] The court will deny this motion on the grounds that defendants have waived it via their offer to waive service [Doc. No. 11, Ex. B & C] and by filing their subsequent Rule 12(b)(6), 12(e) and Rule 8 motions to dismiss. See Brennan v. Chadris, Inc., 89-3174, 1990 WL 27372, at *2 (E.D. Pa. Mar. 13, 1990) ("[T]he alleged defect in service of process was more technical than real: there can be no question that the defendant had actual knowledge of the lawsuit and of the need to defend it, and that the defendant is subject to this court's jurisdiction.")

5

facial plausibility when a plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Iqbal, 129 S.Ct. at 1949. However, the court is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" Iqbal, 129 S.Ct. at 1950 (quoting Twombly, 550 U.S. at 555)); see also Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009).

Therefore, when deciding a motion to dismiss under Rule 12(b)(6), we apply the following rules. The facts alleged in the complaint, but not the legal conclusions, must be taken as true and all reasonable inferences must be drawn in favor of plaintiff. Iqbal, 129 S.Ct. at 1949; Twombly, 550 U.S. at 555. We may not dismiss a complaint merely because it appears unlikely or improbable that plaintiff can prove the facts alleged or will ultimately prevail on the merits. Twombly, 550 U.S. at 556, 563 n.8. Instead, we must ask whether the facts alleged raise a reasonable expectation that discovery will reveal evidence of the necessary elements. Id. at 556. In the end, if, in view of the facts alleged, it can be reasonably conceived that the plaintiff could, upon a trial, establish a case that would entitle him to relief, the motion to dismiss should not be granted. Id. at 563 n.8.

III. Discussion

A. Unnecessary Parties

1. Official Capacity Claims

The complaint names Walter Calinger, David Johnston and Allison Kline in their official capacities. However, as the Supreme Court has stated: "There is no longer a need to bring official-capacity actions against local government officials . . . local government units can be sued directly for damages and injunctive or declaratory relief." Kentucky v. Graham, 473 U.S. 159, 167, n.14 (1985) (citing Monell v. Dept. of Soc. Servs., 436 U.S. 658, 694 (1978)). Therefore, the official capacity suits against defendants Calinger, Johnston and Kline are unnecessary "because they are essentially suits against the [School District], which is already a named Defendant." Satterfield v. Borough of Schuylkill Haven, 12 F. Supp. 2d 423, 432 (E.D. Pa. 1998) (quoting Williams v. Lower Merion Twp., No. 94-6863, 1995 WL 461246 at *3 (E.D. Pa. Aug. 2, 1995)). As a result, the court will grant defendants' motion to dismiss with prejudice as to E.B.'s claims against Calinger, Johnston and Kline in their official capacities.

2. Individual Capacity Claims

The individual defendants next argue that they are protected from liability because of the doctrine of qualified immunity. The Supreme Court has held that "government officials

performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). In a § 1983 case, plaintiffs' complaint must assert that an individual government official defendant, through his own actions, violated the Constitution. Iqbal, 129 S.Ct. at 1949.

Here, plaintiff does not state what Dr. Calinger or Mr. Johnston, individually, did that deprived E.B. of his constitutional rights. In fact, except for being named in the caption and identified on page two, they are not even mentioned in the complaint. Furthermore, respondeat superior does not apply to civil rights actions arising under § 1983. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) (citing Parratt v. Taylor, 451 U.S. 527, 537 n. 3 (1981) ("A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior.")).

As to defendant Kline, plaintiffs only allege that Kline's name was listed in the notice of expulsion hearing as a witness who would give testimony on behalf of the administration and that she testified at his expulsion hearing. [Doc. No. 1, p. 5]. However, there is no allegation that her testimony violated

any of plaintiffs' procedural or substantive rights.[3]

Therefore, the court will grant defendants' motion to dismiss, as to defendants Calinger, Johnston and Kline in their individual capacities, without prejudice to plaintiffs' right to file an amended complaint.

3. Woodland Hills Board of School Directors

Defendants' next move to dismiss defendant Woodland Hills Board of School Directors. The Board of School Directors is the governing body of the school district, a local government agency. Sub-units of municipal government entities are unnecessary parties. See Johnson v. City of Erie, 834 F. Supp. 873, 878-79 (W.D. Pa. 1993). Therefore, the Board of School Directors is a redundant party, as the School District itself (a named defendant) would ultimately be liable for any judgment entered against the Board of School Directors. See Satterfield, 12 F. Supp. 2d at 431; see also Young v. Pleasant Valley Sch. Dist., No. 07-854, 2008 WL 417739, at *10 (M.D. Pa. Feb. 13, 2008). ("there are no [] claims against [individual members of] the School Board and plaintiffs' rights can therefore be adjudicated through a lawsuit against the District"). Therefore, the court will grant defendants' motion to dismiss with

---

[3] In Exhibit 5 to plaintiff's complaint, the adjudication of E.B., it states that Kline recommended E.B.'s expulsion. However, there is no allegation in the complaint that such a recommendation violated E.B.'s constitutional rights.

prejudice as to defendant Woodland Hills Board of School Directors.

B. Special Education Claim

Defendants next move to dismiss E.B.'s claim that the District failed to evaluate E.B. under the "Child Find" provisions of the Individuals with Disabilities Act (IDEA), 20 U.S.C. § 1400, et seq., and the special education regulations of the Pennsylvania Department of Education, 22 Pa. Code § 14.121.

The purpose of the IDEA is "to ensure that all children with disabilities have available to them a free appropriate public education." 20 U.S.C. § 1400(d)(1)(A) (2000). As a prerequisite to receiving federal funding for disabled students, each state must have a policy that provides free appropriate public education. Id. § 1412(a)(1). To ensure that every qualifying child receives a such an education, the responsible school district must develop a tailored individual education plan (IEP) for the child. In developing an IEP, the school district must protect a child's procedural and substantive rights under the IDEA. Caitlin W v. Rose Tree Media Sch. Dist., No. 03-6051, 2004 WL 3009027, at *3 (E.D. Pa. Dec. 29, 2004). Pennsylvania does so through an administrative review process that allows parents to request a hearing and appeal any decision to an appeal panel. See 22 Pa. Code § 14.162(b), (o).

However, before a party can bring suit under the IDEA,

10

that party must exhaust the IDEA's administrative remedies. Centennial Sch. Dist. v. Phil L. ex rel. Matthew L., 559 F. Supp. 2d 634, 643 (E.D. Pa. 2008) (citing 20 U.S.C. § 1415(f)(1)(A) (providing for an "impartial due process hearing" before an administrative hearing officer). Moreover, the exhaustion requirements of the IDEA are not limited to actions brought under the IDEA. Rather:

> [B]efore the filing of a civil action under such laws seeking relief that is also available under this subchapter, the procedures under subsections (f) and (g) of this section shall be exhausted to the same extent as would be required had the action been brought under this subchapter.

20 U.S.C. § 1415(l). Thus, to the extent that any claim seeks relief that is "available" under the IDEA, the IDEA's administrative remedies must be exhausted before such an action is brought.

Here, there is no indication in the complaint that defendants have first exhausted their administrative remedies under the IDEA or Pennsylvania law.[4] Nor is there any allegation that E.B. is a child with a disability, or as to what that disability

---

4

From the complaint it appears that E.B.'s claim is based solely upon the court of common plea's opinion that "[E.B.'s] poor grades coupled with his good attendance show he needs some special attention, and he should receive it." However, this statement is a reference to the education provided to E.B. while expelled, and has no bearing on the school district's obligations to identify special needs students under the IDEA.

may be. Therefore, the court will grant defendants' motion, without prejudice, as to plaintiffs' IDEA and Pennsylvania state law claims.

C. <u>E.D.B. and E.B.</u>

The court will also grant defendants' motion to dismiss as to E.D.B. in his own right. "The right to a free public education is a right which belongs to the student and not their parents." <u>Brian A. ex rel. Arthur A. v. Stroudsburg Area Sch. Dist.</u>, 141 F. Supp. 2d 502, 507 (M.D. Pa. 2001) (quoting <u>Collins v. Chichester Sch. Dist.</u>, No. 09-6039, 1998 WL 351718, at *3 (E.D. Pa. June 29, 1998)). "[W]hen a student is suspended or expelled, it is the student who is entitled to due process because it is the student - not [his] parents - who has a right to a free public education." <u>Jarmon v. Batory</u>, No. 94-0284, 1994 WL 313063, at * 5 (E.D. Pa. June 29, 1994) (internal quotation omitted). Therefore, E.B.D. lacks standing to pursue, on his own behalf, a claim that his son was improperly suspended and later expelled. <u>Carlino v. Gloucester City High Sch.</u>, 57 F. Supp. 2d 1, 9, n. 4 (D.N.J. 1999).

Plaintiff does not allege that any of E.D.B.'s constitutional rights have been violated.[5] Therefore, because he

---

[5] In fact, the only time E.D.B. is mentioned in the complaint is in the caption and in paragraph two, where it states "Plaintiff E.D.B. (parent) resides within Woodland Hills School District, County of Allegheny, Pennsylvania."

12

has no standing here, the court lacks jurisdiction over the claims of E.B.D. and they will be dismissed, with prejudice.[6]

D. <u>Punitive Damages</u>

Defendants next move to dismiss plaintiffs' claims for punitive damages. The court has dismissed all defendants except for the Woodland Hills School District and plaintiff's claims under the IDEA, leaving only plaintiff's § 1983 against the school district. It is not in dispute that public school districts, such as Woodland Hills, are considered municipal entities. <u>Doe v. Allentown Sch. Dist.</u>, 2009 WL 536671, at *5 (E.D. Pa. 2009) (citing <u>Jett v. Dallas Indep. Sch. Dist.</u>, 491 U.S. 701 (1989)). "The general rule today is that no punitive damages are allowed [against municipalities] unless expressly authorized by statute." <u>City of Newport v. Fact Concerts, Inc.</u>, 453 U.S. 247, 261 n.21 (1981).

Because there is no statute authorizing punitive damages against a municipality, the court will grant defendants' motion to dismiss with prejudice. <u>See</u> <u>Johnson v. City of Erie</u>, 834 F. Supp. 873, 878 (W.D. Pa. 1993) (stating that punitive damages may not be awarded against a municipality under § 1983.)

---

[6] Furthermore, E.B. appears to no longer be a minor. As a result, the complaint should be amended to reflect E.B.'s majority status.

13

E.  Rule 12(e) and Rule 8(d) Motions

Finally, defendants have filed a motion for a more definitive statement pursuant to Rule 12(e) and/or dismissal under Rule 8(d). Under Rule 12(e), a party may move for a more definitive statement of a pleading to which a responsive pleading is allowed, but which is so vague or ambiguous that the party cannot prepare a response. Fed. R. Civ. P. 12(e).

Under Rule 8(d), "each allegation must be simple, concise and direct. No technical form is required." Rule 8(a) further requires "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds on which it rests.'" Twombly, 550 U.S. at 555 (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts have discretion to dismiss a complaint pursuant to Rule 8 where the complaint violates the rule's emphasis on clarity and brevity. See In re Westinghouse Sec. Litig., 90 F.3d 696, 702-03 (3d Cir. 1996) (finding the district court did not abuse its discretion in dismissing plaintiff's complaint express warnings it would do so).

Based on this standard, the court is constrained to deny defendants' motions. The court finds that the complaint does make sufficient allegations that the school district denied E.B. procedural and substantive due process by permanently expelling him

14

from the school district.[7]

IV. Conclusion

In conclusion, the court will grant defendants' motion to dismiss, with prejudice, as to defendants Calinger, Johnston and Kline, in their official capacities, and as to defendant Board of School Directors. The court will grant the motion to dismiss as to defendants Calinger, Johnston and Kline in the individual capacities, without prejudice to plaintiffs' right to allege such facts in an amended complaint. The only remaining defendant is the Woodland Hills School District. The court will grant defendants' motion to dismiss plaintiffs' IDEA claim, without prejudice, and punitive damages claims against the Woodland Hills School District, with prejudice. Finally, the court will grant defendants' motion to dismiss plaintiff E.D.B., in his own right, with prejudice.

Therefore, all that remains are plaintiffs' procedural and substantive due process claims against Woodland Hills School District.

An appropriate order follows.

---

[7] Defendants essentially admit this in their motion to dismiss. [See Doc. No. 18, p. 18 "It can be surmised from reviewing the Complaint that procedural and substantive due process issues concerning the 14th Amendment to the United States Constitution are being raised."]

15

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| E.B., a minor; E.D.B., as parent and in own right;<br><br>Plaintiffs,<br><br>v.<br><br>WOODLAND HILLS SCHOOL DISTRICT, et al.,<br><br>Defendants. | Civil Action No. 10-442 |

ORDER

AND NOW, on this 13th day of July, 2010, it is hereby ordered that defendants' motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(5), 12(b)(6), 12(e) and Rule 8 are GRANTED in part and DENIED in part. Defendants' 12(b)(6) motion to dismiss plaintiffs' complaint as to defendant Woodland Hills Board of School Directors and defendants Calinger, Johnston and Kline in their official capacities is GRANTED, with prejudice. Defendants' 12(b)(6) motion to dismiss plaintiffs' complaint as to defendants Calinger, Johnston and Kline in their individual capacities is GRANTED, without prejudice to plaintiffs' right to file an amended complaint. Defendants' motion to dismiss plaintiff's claims under the IDEA is also GRANTED, with prejudice, as is defendants' motion to dismiss all claims brought on behalf of E.D.B., as a parent and in his own right.

Defendants' 12(b)(5), 12(e) and Rule 8 motions are

DENIED. The case will move forward on plaintiff E.B.'s procedural and substantive due process claims against Woodland Hills School District.

By The Court,

/s/ _____, C.J.

cc: All counsel of record.