IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| E.B., a minor,<br>        Plaintiff,<br><br>    v.<br><br>WOODLAND HILLS SCHOOL<br>DISTRICT,<br>        Defendant. | Civil Action No. 10-0442 |

## ORDER

AND NOW, this 16th day of February, 2011, it is HEREBY ORDERED that E.B.'s motion for reconsideration [doc. no. 48] is DENIED. E.B. has presented no new facts and identified no error of law that would require the court to reconsider its previous ruling.

However, it is apparent that the parties are unwilling, or unable, to proceed without court intervention. In the interest of encouraging the voluntary settlement of disputes, we will provide the following guidance. Should counsel be unable to file a stipulation of dismissal within 30 days, for whatever reason, plaintiff's counsel must file with the court an affidavit from his clients attesting to the fact that based on the disputed language in the proposed release, the clients refuse to settle the case and instead wish to proceed to trial. Upon receipt of that document, the court will reopen the case, order the fund placed in the Registry of the Clerk

returned to defendant, and enter the necessary scheduling orders.

Neither party disputes that a settlement of this matter was reached, contingent on approval by the school board, at the October 1, 2010 mediation. Neither party can dispute that the school board approved the settlement at an October 13, 2010 meeting. Neither party disputes that a written settlement agreement is appropriate in order to memorialize the terms of the settlement that were agreed to at the mediation and are now reflected only on a hand written sheet of paper prepared at the mediation, which was signed by all parties and counsel. However, counsel for plaintiff objects to being required to finalize and sign any written agreement prior to receipt of the settlement proceeds. We find this objection to be without foundation. A formal settlement agreement must be executed before the school board is required to transfer the settlement funds to counsel for E.B., which are currently being held in the Registry of the Clerk.

Neither party can dispute that "complete confidentiality" is listed as the first material term of the settlement on the handwritten sheet of paper. However, the school district, as a public entity, is subject to laws that require public disclosure of certain documents and records. The school district does not have the power or authority to consent

to violate those statutes by private agreement. Nor can the school district enter a private agreement promising not to treat a particular record or document as subject to disclosure, if the document otherwise falls within the requirements of those laws. It is implausible that counsel for E.B. was unaware of these facts at the mediation and did not understand the public status of the school district defendant, and its implications when settlement was reached during the mediation. As such, in this context, "complete confidentiality" must be interpreted to exclude disclosures required by Freedom of Information Acts, Right to Know Laws, or other such statutes.

Counsel for E.B. has objected to the draft Agreement on the ground that E.B. and his counsel must maintain confidentiality, but the school board need not. As an initial matter that is not what the draft Agreement provides. Instead, the draft Agreement specifically states that neither party or its counsel may disclose the terms of the settlement "except as may be required by law." Should either E.B. or the school district, or their counsel, disclose the terms of the agreement voluntarily they would be in violation of the draft Agreement. Given this language, it would appear that the final two sentences of paragraph 7, to which counsel for E.B. has explicitly objected, are superfluous and could be stricken while maintaining the substance of the agreement. It would also

3

appear that the parties could agree to provide notification to E.B.'s counsel should defendant receive a proper request under any applicable law in order to assuage any concern that an "unfair" or "biased" disclosure would be made. In any event, we find that both counsel should be required to sign any agreement that obligates them, individually, to maintain confidentiality.

The court will not award any attorney's fees in connection with this motion.

BY THE COURT,

_____, C.J.